**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER CARL KORSLUND,

      Plaintiff,

vs.                                                                   Case No. 3:14-cv-395-J-32PDB

JOHN H. RUTHERFORD, et al.,

      Defendants.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff is currently proceeding on a Second Amended Complaint (Doc. 11). In his Second Amended Complaint, Plaintiff names as Defendants: M.L. Doherty, an officer with the Jacksonville Sheriff's Office (JSO); N. Burgos, a JSO officer; the Jacksonville Sheriff's Office; the County of Duval; John H. Rutherford, the former Sheriff of the City of Jacksonville; and two John Does, both JSO police officers. Plaintiff asserts that Defendants Doherty and Burgos used excessive force on him during his arrest and the two John Doe officers failed to intervene in that excessive use of force. As a result of the use of force, Plaintiff suffered internal bleeding and had to undergo surgery to remove his spleen.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must

liberally construe the plaintiff's allegations. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).[1]

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted). Moreover, "conclusory allegations, unwarranted deductions of facts, or

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

2

legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (internal quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

As to the claims against Sheriff Rutherford and the County of Duval, Plaintiff does not allege that he was injured by any custom, policy, or practice, nor does he provide any factual allegations regarding actions or inactions taken by Sheriff Rutherford. To the extent Plaintiff is attempting to hold Sheriff Rutherford or the County liable based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, Sheriff Rutherford and the County of Duval are due to be dismissed from this action.

Plaintiff also lists JSO as a Defendant. State law determines whether a party has the capacity to be sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Therefore, JSO will be dismissed as a Defendant.

In light of the foregoing, it is

**ORDERED**:

1.      All claims against Sheriff John H. Rutherford, the Jacksonville Sheriff's Office, and the County of Duval are **DISMISSED** for the reasons stated herein.

2. Plaintiff's Second Amended Complaint against only Defendants Doherty and Burgos may go forward.[2] No later than **May 17, 2016**, Plaintiff shall mail to the Clerk of Court **two (2) copies** of his Second Amended Complaint (Doc. 11) for service on Defendants Doherty and Burgos.

3. Plaintiff's request to proceed in forma pauperis (Docs. 2, 8) is **GRANTED to the extent** that the case may proceed without the prepayment of the filing fee. Plaintiff (inmate #J50919) is hereby assessed the total $350.00 filing fee in this case. Because Plaintiff has less than a $10 balance in his prison trust fund account, the Court will not require him to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1).

As funds become available in Plaintiff's prison account, he must make monthly payments of 20 percent of the preceding month's income credited to the account (that is, all funds deposited into the account). Upon receipt of this Order, the agency having custody of Plaintiff must forward payments from his account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10. The payments must continue until the filing fee of $350 is paid in full. The following information must either be included on the face of the check from the penal institution, cashier's check, or money order or attached to it: (1) the full name of the prisoner (**Christopher Carl Korslund**); (2) the prisoner's inmate number (**#J50919**); and (3) Middle District of Florida Case Number (**3:14-cv-395-J-32PDB**). Payments that do not have this information will be returned to the penal institution.

---

[2] If Plaintiff is able to determine the identities of the John Doe Defendants during discovery and he is granted leave to amend his Second Amended Complaint to name them, he may be required to submit service copies of the operative complaint at that time for service of process on those two individuals.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make payments on his behalf. **Plaintiff's failure to pay the filing fee (and ensure that the agency forwards the payment) will result in the dismissal of this action without further notice.** If Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of April, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

cr 4/13
c:
Christopher Carl Korslund, #J50919
Florida Department of Corrections, Inmate Trust